UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL-PRO, INC., | CV 10-9582 PA (VBKx) |
| Plaintiff, | PRELIMINARY INJUNCTION |
| v. | |
| CECILIO LIMA, | |
| Defendant. | |

In accordance with the Court's order of February 14, 2011 granting plaintiff Val-Pro Inc.'s ("Plaintiff") motion for a preliminary injunction,

IS HEREBY ORDERED that defendant Cecilio Lima ("Defendant") be and hereby is preliminarily enjoined during the pendency of this action, pursuant to Federal Rule of Civil Procedure 65, from engaging in, committing, or performing directly and indirectly any of the following acts:

1. Removing, withdrawing, transferring, assigning, or selling to any person or entity the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of

payment for such commodities or crops sold prior to the date of this order and/or otherwise disposing of assets, books, or funds;

2. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e et seq., trust assets; and

3. Taking any other action whatsoever which violates PACA, 7 U.S.C. § 499b(4) or 7 U.S.C. § 499e(1) through (4).

IT IS FURTHER ORDERED that during the pendency of this action Defendant and his agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with him shall be and hereby are prevented from transferring, withdrawing, or in any other manner removing PACA trust assets from Defendant's banking accounts, including funds on deposit in banking accounts held by or on behalf of Defendant, including but not limited to Defendant's account number 6801320638 at Banco Popular and any other accounts subsequently discovered to be standing in Defendant's name and/or trade names.

IT IS FURTHER ORDERED that Defendant shall be and hereby is required and ordered to:

1. Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendant's business through the date of this Order;

2. Immediately assign Defendant's inventory of perishable agricultural commodities and produce related receivables to Plaintiff for collection and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with

1 its duties of collection of the accounts receivable and shall
2 deposit any cash assets of the trust which are collected under this
3 Order in a trust account.  In Plaintiff's sole discretion, to the
4 extent necessary to prevent loss of Defendant's inventory of
5 perishable agricultural commodities through decay, over-
6 ripening, spoilage, or improper storage or handling, Plaintiff
7 may immediately take possession of any such inventory and sell
8 such inventory through a PACA licensed broker.  The proceeds
9 of any such sales shall be held in trust by Plaintiff's counsel
10 pending further order of this Court.  Any broker retained by
11 Plaintiff or Plaintiff's counsel to effectuate such sales may retain
12 a brokerage commission in an amount reasonable and customary
13 in the produce industry.

14   3. Endorse any checks made, endorsed, or paid to Defendant which
15 are trust assets and which are in their possession or obtainable by
16 Defendant at the time of the entry of this Order, or which
17 Defendant obtains or which become obtainable by Defendant
18 after the entry of this Order, including but not limited to checks
19 representing payment for sales of growing crops, and shall
20 deliver said assets within 48 hours of Defendant's receipt of
21 them to Plaintiff's counsel as set forth above.  Likewise,
22 Defendant shall deliver any cash assets of the PACA trust which
23 are in his possession or are obtainable by Defendant at the time
24 of the entry of this Order, or which Defendant obtains or which
25 become obtainable by Defendant after entry of this Order, within
26 48 hours of Defendant's receipt of them to Plaintiff's counsel.

27
28

1    IT IS FURTHER ORDERED that Plaintiff shall post a bond in the amount of
2 $60,000 before this preliminary injunction is effective.

DATED: February 14, 2011      _____
                                      Percy Anderson
                              UNITED STATES DISTRICT JUDGE